# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDRE BURKETT,**
        **Petitioner,**

    **v.**                                      **Case No. 05C1139**

**QUALA CHAMPAGNE,**
        **Respondent.**

## ORDER

On October 28, 2005, petitioner Andre Burkett filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of attempted theft, bail jumping and operating a vehicle without the owner's consent. He was sentenced to fifteen years imprisonment and is currently incarcerated at Racine Correctional Institution. On November 3, 2005, petitioner filed a motion for leave to amend his petition. This motion will be granted.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

In the present case, petitioner alleges at least two constitutional violations. Petitioner alleges that he received ineffective assistance of counsel, which is clearly a

constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Petitioner also suggests that the state did not prove each element of his crimes. This claim appears to implicate the due process clause because the due process clause is violated if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt on the evidence presented. Jackson v. Virginia, 443 U.S. 307. 319 (1979); Piaskowski v. Casperson, 126 F. Supp. 2d 1149, 1153 (E.D. Wis. 2001). Thus, it does not plainly appear from the face of the petition that petitioner is not entitled to relief.

Petitioner filed with his petition an application for leave to proceed in forma pauperis. A review of his trust account statement indicates that he does not have any money in his account and has several outstanding obligations. Thus, petitioner's request to proceed in forma pauperis will be granted.

As a final matter, petitioner has filed a "motion for order discharging petitioner." This motion will be denied. At this stage of the proceedings, petitioner is not entitled to be discharged.

**THEREFORE, IT IS ORDERED** that petitioner's motion for leave to amend the petition is **GRANTED**.

**FURTHER, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on

the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed in forma pauperis is **GRANTED.**

**FURTHER, IT IS ORDERED** that petitioner's motion for order discharging petitioner is **DENIED**.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Quala Champagne and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI  53707.

Dated at Milwaukee, Wisconsin, this 18 day of November, 2005.

/s_____
LYNN ADELMAN
District Judge