# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**ANDRE BURKETT,**

      **Petitioner,**

  v.                                       Case No. 05-C-1139

**QUALA CHAMPAGNE,**

      **Respondent.**

## DECISION AND ORDER

On October 28, 2005, Andre Burkett, a Wisconsin state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent now moves to dismiss the petition on the ground that it is untimely. Petitioner was convicted of a variety of offenses in Milwaukee County, and he appealed his conviction to the state court of appeals, which affirmed. He sought review in the state supreme court, which on June 12, 2003, denied review. On June 5, 2003, petitioner filed a motion seeking the appointment of post-conviction counsel and on June 9, 2003, the Milwaukee County Circuit Court denied the motion. Petitioner appealed and the court of appeals affirmed. Petitioner sought review in the state supreme court, which on September 8, 2005, denied review.

Under 28 U.S.C. § 2244(d)(1)(A), petitioner had one year from the date on which his conviction became final to seek federal habeas review, excluding time that a "properly filed application for State post-conviction or other collateral review" was pending. 28 U.S.C. § 2244(d)(2); see also Lloyd v. Van Natta, 296 F.3d 630, 632 (7th Cir. 2002). Petitioner's conviction became final on September 10, 2003, the last day on which petitioner could have timely sought review in the United States Supreme Court. Thus, unless his motion for the

appointment of post-conviction counsel constituted an "application for State post-conviction or other collateral review," he filed his habeas petition untimely.

I look to Wisconsin law to determine whether a motion seeking the appointment of post-conviction counsel is an application for post-conviction or collateral review. Carey v. Saffold, 536 U.S. 214, 223 (2002). Wis. Stat. § 974.06 governs post-conviction/collateral review, and it authorizes a defendant to move to "vacate, set aside or correct the sentence." § 974.06(1). In a § 974.06 motion, a defendant may raise "jurisdictional or constitutional matters or . . . errors that go directly to the issue of the defendant's guilt." Cresci v. State, 89 Wis. 2d 495, 505 (1979) (citing Smith v. State, 85 Wis. 2d 650, 661 (1978)). In the present case, petitioner asked the circuit court to appoint counsel for him, but he did not move to vacate, set aside or correct his sentence and did not allege any jurisdictional, constitutional or substantive errors. Thus, his motion did not constitute an "application for State post-conviction or other collateral review" within § 2244(d)(2). See also Voravongsa v. Wall, 349 F.3d 1, 5-7 (1st Cir. 2003) (reaching the same conclusion under Rhode Island law). Therefore, petitioner's motion did not toll the one year limitation period under § 2244(d)(1)(A) and as a result he untimely filed his habeas petition.

**NOW, THEREFORE, IT IS ORDERED** that respondent's motion to dismiss is **GRANTED** and this case is **DISMISSED**.

The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2006.

                                                s/Lynn Adelman
                                                LYNN ADELMAN
                                                U.S. District Judge