# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**ANDRE BURKETT,**
        **Petitioner,**

   v.                                                               Case No. 05C1139

**QUALA CHAMPAGNE,**
        **Respondent.**

## DECISION AND ORDER

On October 28, 2005, Andre Burkett filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 14, 2006, I granted respondent's motion to dismiss the petition on the ground that the petition was untimely. On August 18, 2006, petitioner filed a motion for reconsideration and a motion to appoint counsel.

There is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. However, where, as here, a judgment has been entered in a case, a party can seek relief from the operation of a final judgment under Rule 59(e) or Rule 60(b), Federal Rules of Civil Procedure. The key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of judgment are treated as based on Rule 59; all substantive motions filed more than ten days after the entry of judgment are evaluated under Rule 60. Id. A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." Id. (internal quotation marks and citation omitted).

Since the instant motion is substantive and was filed more than ten days after the entry of judgment, I may properly regard it as a motion under Rule 60(b). Rule 60(b) enables a

court to grant relief from a judgment only under the particular circumstances listed in the rule. Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion cannot be used as "an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" Cash v. Illinois Div. of Mental Health, 209 F.3d 695, 698 (7th Cir. 2000). An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors, "otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." Russell, 51 F.3d at 749.

The petitioner argues that he is entitled to relief from the judgment in this case because I erred in calculating the one-year limit on filing a habeas petition. I determined that petitioner's conviction became final on September 10, 2003, the last day on which he could have timely sought review of that conviction in the United States Supreme Court. However, petitioner argues that I should have calculated the one-year period from September 8, 2005, the day that the Wisconsin Supreme Court denied review of a court of appeals decision denying petitioner's motion to appoint counsel. I found that petitioner's motion for the appointment of post-conviction counsel did not constitute an "application for State post-conviction or other collateral review" for the purpose of tolling the one-year habeas period

because that motion did not include a request to vacate, set aside or correct his sentence and did not allege any jurisdictional, constitutional or substantive errors.

This argument asks me to correct a claimed legal error and thus fails to raise issues warranting the extraordinary relief provided by Rule 60(b). Accordingly, the plaintiff's "Motion for Reconsideration" will be denied.

**NOW, THEREFORE, IT IS ORDERED** that petitioner's "Motion for Reconsideration" is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 17 day of September, 2006.

/s
LYNN ADELMAN
District Judge