# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**ANDRE BURKETT,**
        **Petitioner,**
    v.                                                             **Case No. 05C1139**

**QUALA CHAMPAGNE,**
        **Respondent.**

## ORDER

On July 14, 2006, I dismissed petitioner Andre Burkett's petition for a writ of habeas corpus on the ground that the petition was untimely. On September 18, 2006, I denied petitioner's motion for reconsideration. On January 16, 2007, petitioner filed a "motion" with the Seventh Circuit Court of Appeals asking that court to vacate my denial of petitioner's motion for reconsideration. Then, on February 5, 2007, petitioner filed a notice of appeal of my denial of petitioner's motion for reconsideration, attaching a copy of his January 16 "motion." I construe petitioner's notice of appeal as containing an implied motion to reopen the time for filing his appeal under Fed. R. App. P. 4(a)(6). Further, I construe petitioner's notice of appeal as containing an implied request for a certificate of appealability under 28 U.S.C. § 2253(c).

The earliest that petitioner might be said to have filed a notice of appeal is January 16, 2007. Though he did not call his January 16 motion a notice of appeal, he may have intended it to be one. However, even assuming that petitioner's January 16 motion was a notice of appeal, it was filed 120 days after I denied petitioner's motion for reconsideration and 90 days after expiration of the time for filing a notice of appeal. See Fed. R. App. P. 4(a)(1). Rule 4(a)(6) permits me to reopen the time to file an appeal if the motion to reopen is filed within 180 days after entry of the judgment or order that is the subject of the appeal where the

appellant shows that he did not receive notice of the entry of the judgment or order within 21 days of entry and that no party would be prejudiced by reopening the time to file an appeal. Petitioner has not asserted that he did not receive notice of my September 18, 2006 order denying his motion for reconsideration within 21 days of its entry. As such, I will deny his implied motion to reopen the time to file his appeal; thus, his appeal is untimely.

Even if petitioner had timely filed his notice of appeal, I would have denied him a certificate of appealability, as I do not believe that jurists of reason would find it debatable whether my procedural ruling was correct. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**THEREFORE, IT IS ORDERED** that petitioner's implied motion for leave to reopen the time to file an appeal is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's implied motion for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11 day of February, 2007.

/s\
LYNN ADELMAN\
District Judge